BAUTISTA LEBRÓN GONZÁLEZ, Plaintiff and Appellee, v. JUAN BAUTISTA MONTALVO, Defendant and Appellant.

No. 6010. Argued April 18, 1933.—Decided May 3, 1933.

*Mariano R. Acosta* for appellant. *V. P. Martínez* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Bautista Lebrón González brought suit against Juan Bautista Montalvo, to recover the possession of certain real property. During the trial of the case on its merits before the District Court of Aguadilla, and after the plaintiff had rested and the defendant was beginning to introduce his evidence, the plaintiff moved that the defendant be precluded from of-

fering any evidence, as the defendant had canceled but two one-dollar internal revenue stamps, instead of five, when he filed the answer to the complaint. The clerk of the district court confirmed the plaintiff's statement, and added that he customarily collects a fee of five dollars in internal revenue stamps for filing an answer in this kind of injunction proceedings. He further stated that he called this to the attention of the attorney in order that the latter might add the stamps that had been omitted. The attorney sought to be excused on the ground that he had two cases of injunction to recover possession pending before the court and that the clerk had not indicated to him in which case he was required to pay a fee of five dollars. He then tendered, at the hearing, the additional internal revenue stamps necessary to complete the amount of $5, which were in his possession. The lower court sustained the motion of the plaintiff and ordered the answer to be stricken out. It did not allow the defendant to offer any evidence, and rendered judgment for the plaintiff ordering the restitution by the defendant of the property claimed, with costs. The defendant excepted and took this appeal, and the only error he assigns to the lower court is that it erred in interpreting the provisions of section 2 of Act No. 17 of 1915 (Session Laws, p. 45). In its opinion the lower court states:

"The plaintiff offered oral and documentary evidence that was properly introduced, and he objected, when the defendant began to prove his case, to the admission of any evidence, on the ground that the answer was null and void since the fees provided for in paragraph (b), section 2 of Act No. 17 of 1915 had not been paid, which objection the court sustained and ordered that the said answer be stricken out."

Section 2 of the Act of 1915 cited by the court, fixes the fees to be paid for services rendered by the clerks and marshals of the district and municipal courts by canceling the corresponding internal revenue stamps. We transcribe from said section paragraphs A, B, M, and N:

"A. For each complaint in a litigious civil action in a district court_____ $5. 00

"B. For the first pleading of the defendant in a litigious civil action in a district court, whether it be an answer, a demurrer or a motion_____ 5. 00

"M. For each petition in extraordinary proceedings___ 3. 00

"N. For every opposition of any party in extraordinary proceedings _____ 2. 00."

Paragraph B, in our opinion, refers to litigious civil actions of an ordinary character. It can not refer to the remedy offered by law providing a procedure for the recovery of the possession of realty. The complaint or petition in the instant case must pay $3 pursuant to paragraph M; the opposition to said petition must pay $2 according to paragraph N. This proceeding can not be included in paragraph A because it is within paragraph M, since we are dealing with an extraordinary remedy. Similarly, the opposition to a remedy of this sort can not be included within paragraph B, because it is expressly included in paragraph N, which demands a fee of $2 for each opposition in extraordinary remedies. The plaintiff is using a summary proceeding in order that the property he claims be restored to him. Really it is not an extraordinary remedy but an interdict whose object is to re-establish, by means of a short and speedy proceeding where the issue is reduced to a question of fact, the possession that has been disturbed by the acts of a third party. The law provides a peremptory term for the hearing of this proceeding. Every motion and exception must be made and decided within the trial, and the court must render judgment without undue delay. The answer in this case is an opposition to the remedy, and calls for the cancellation of internal revenue stamps to the amount of only $2. The defendant opportunely paid the fees required by law, the answer was legally filed upon its presentation in the clerk's office, and the motion of the plaintiff requesting that the evidence offered by the defendant be excluded, which resulted in having the answer stricken out, should have been denied by the lower court.

The judgment should be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.